**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

|  |  |
|---|---|
| CHRISTIAN EMPLOYERS ALLIANCE, *et al.*, ) | ) |
| Plaintiffs, ) |  |
| v. ) | Case No. 3:16-CV-00309 |
| ALEX M. AZAR II, in his official capacity as Secretary of the U.S. Department of Health and Human Services[1]; *et al.*, ) | ) |
| Defendants. ) |  |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF**

Plaintiffs have moved for a permanent injunction and declaratory relief against federal regulations that required them to offer coverage of contraceptive services ("the Mandate") or to comply with an accommodation process whereby their employees would receive coverage through Plaintiffs' health insurance issuer or third party administrator. *See* ECF No. 32. Although the Government does not agree with all of the statements and arguments in Plaintiffs' motion for permanent injunction and supporting brief, the Government is not raising a substantive defense of the Mandate or the accommodation process with respect to Plaintiffs' Religious Freedom Restoration Act ("RFRA") challenge. The Government has concluded that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA.

---

[1] Alex M. Azar II, Secretary of the U.S. Department of Health and Human Services, "is automatically substituted as a party" for Eric Hargan. Fed. R. Civ. P. 25(d).

The Government takes no position on whether permanent injunctive relief or declaratory relief is appropriate in this case. The injunctions in *Pennsylvania v. Trump*, No. 2:17-cv-04540-WB, 2017 WL 6398465 (E.D. Pa. Dec. 15, 2017), and *California v. Department of Health and Human Services*, No. 4:17-cv-05783-HSG, ECF No. 105 (N.D. Cal. Dec. 21, 2017), do not purport to interfere with this case or other existing litigation challenging the prior rules. *See Pennsylvania*, 2017 WL 6398465, at *21 ("A preliminary injunction will maintain the status quo: those with exemptions or accommodations prior to October 6, 2017 will maintain their status, those with injunctions preventing enforcement of the Contraceptive Mandate will maintain their injunctions, but those with coverage will maintain their coverage as well."); Order Granting Plaintiffs' Motion for A Preliminary Injunction at 29, *California*, No. 17-05783, ECF No. 105 ("This nationwide injunction does not conflict with the plaintiff-specific injunctions issued by the courts in the Zubik cases or any other case.").

The Government notes, however, that any injunction entered by the Court should not extend to the Christian Employers Alliance's "future" members. Proposed Order at 2, ECF No. 32-1. Instead, any injunction should be narrowly tailored to enjoin enforcement against members that joined the Christian Employers Alliance as of the date any injunction is entered and that had not had an adverse ruling on the merits issued against them in another case involving the Mandate.

In addition, any injunction should not refer to "abortifacient drugs" or "abortifacients." *Id*. at 1-3. Although Plaintiffs may view certain contraceptive methods as abortifacients, that characterization is a matter of intense dispute by many parties, and that characterization is reflected nowhere in the contraceptive coverage requirement, which involves coverage for "[a]ll Food and Drug Administration approved contraceptive methods, sterilization procedures, and

patient education counseling for all women with reproductive capacity." Health Resources and Services Administration, Women's Preventive Services Guidelines, http://www.hrsa.gov/womens-guidelines. For purposes of clarity, therefore, any injunction should refer to contraceptive coverage services to which Plaintiffs have religious objections (including those Plaintiffs view as abortifacients).

Finally, any relief should not include the declaration proposed by Plaintiffs that "Alliance members comply with their obligations under the Affordable Care Act and Defendants' regulations under 42 U.S.C. § 300gg-13 by offering otherwise compliant health plans that exclude abortifacient services and related patient education and counseling." Proposed Order at 2. Plaintiffs provide no basis for this declaration. Indeed, such a declaration would be inconsistent with the other relief Plaintiffs seek, *i.e.*, an injunction prohibiting defendants from "enforcing 42 U.S.C. § 300gg-13(a)(4) and regulations passed in relation to this statute." *Id*. If the Court enjoins defendants from enforcing the statutory provision and related regulations, there is no need to also declare Plaintiffs to be in compliance with the provision. Furthermore, no other "obligations under the Affordable Care Act," *id*., have been at issue in this litigation, apart from the contraceptive Mandate, so there would be no basis for a declaration with respect to any legal requirements that have not been litigated here.[2]

---

[2] Plaintiffs' motion also requests that the Court "find[] that Plaintiffs are entitled to costs [and] reasonable attorney's fees." ECF No. 31, at 24. But no motion for attorney's fees has been filed in this case, and this Court accordingly should reserve judgment with regard to whether any element of a claim for attorney's fees has been met.

Respectfully submitted this 26th day of March, 2018,

          ETHAN P. DAVIS
          Deputy Assistant Attorney General

          JOEL McELVAIN
          Assistant Director, Federal Programs
             Branch

          /s/ *Michelle R. Bennett*
          MICHELLE R. BENNETT
          Senior Trial Counsel
          United States Department of Justice
          Civil Division, Federal Programs Branch
          20 Massachusetts Ave. NW
          Washington, DC  20530
          Tel: (202) 305-8902
          Fax: (202) 616-8470
          Email: michelle.bennett@usdoj.gov

          *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2018, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Michelle R. Bennett             _
MICHELLE R. BENNETT