**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTIAN EMPLOYERS ALLIANCE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:16-CV-00309 |
| | ) |
| ALEX M. AZAR II, in his official capacity as | ) |
| Secretary of the U.S. Department of Health | ) |
| and Human Services; *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' SUPPLEMENTAL MOTION FOR PERMANENT INJUNCTION**
**AND DECLARATORY RELIEF**

Plaintiffs previously moved for a permanent injunction and declaratory relief against the contraceptive mandate—federal regulations that required them to offer coverage of contraceptive services or to comply with an accommodation process whereby their employees would receive coverage through Plaintiffs' health insurance issuer or third party administrator.  *See* ECF No. 32.  The Government took no position on that motion, other than to explain that Plaintiffs' proposed injunction should be modified in certain respects, including so as not to extend to Plaintiff Christian Employers Alliance's (CEA) future, as-yet-unknown members.  *See* ECF No. 33.  In explaining its "no position" position, the Government noted that it has concluded that requiring employers with sincerely held religious objections to comply with the contraceptive mandate would violate the Religious Freedom Restoration Act (RFRA).  *See id*.

Plaintiffs have now filed a supplemental motion that seeks to modify the permanent injunction and declaratory relief they seek.  *See* ECF No. 40; Mem. in Supp. of Pls.'

Supplemental Mot. for Permanent Inj. & Declaratory Relief (Pls.' Supplemental Mem.), ECF No. 43.  Although Plaintiffs characterize their requested modifications as "modest," *see* Pls.' Supplemental Mem., ¶ 5, they are anything but.  In addition to seeking relief against the contraceptive mandate, which has always been at the heart of this case and the many others like it around the country, Plaintiffs now also seek to prevent the Government from assessing or collecting any taxes Plaintiffs may owe under 26 U.S.C. § 4980H.  *See* Pls.' Supplemental Mem. at 1, ¶ 15, ¶ 19.  Section 4980H, which is sometimes referred to as the employer shared responsibility provision, generally imposes a tax on employers with 50 or more full-time employees (including full-time equivalent employees) in the prior year that fail to offer at least 95% of their full-time employees (and their dependents) health coverage if at least one full-time employee receives the premium tax credit under 26 U.S.C. § 36B.[1]  26 U.S.C. § 4980H(a); 26 C.F.R. § 54.4980H-1, *et seq.*  Plaintiffs allege that TRA Industries, Inc. dba Huntwood Industries (Huntwood), a new CEA member that joined the organization in July 2018—nearly two years after this case was filed and several months after Plaintiffs originally sought a permanent injunction against the contraceptive mandate—decided to eliminate its employee health coverage beginning in 2015 as a result of its objection to the contraceptive mandate.

Because Huntwood failed to offer health coverage to its full-time employees beginning in 2015, and Huntwood otherwise met the conditions for being subject to a tax under 26 U.S.C.

---

[1] More specifically, for this purpose, the coverage must be minimum essential coverage under an eligible employer-sponsored plan (as defined in 26 U.S.C. § 5000A(f)(2)).  Further, an employer that is subject to 26 U.S.C. § 4980H that offers coverage to at least 95% of its full-time employees and their dependents and is therefore not subject to a payment under 26 U.S.C. § 4980H(a), in general, will be subject to a payment under 26 U.S.C. § 4980H(b) for each full-time employee that receives the premium tax credit under 26 U.S.C. § 36B, which could occur if the offer of coverage made to the full-time employee is not affordable or does not provide minimum value or if the full-time employee was not offered coverage.

§ 4980H (Section 4980H tax), the Internal Revenue Service (IRS) has assessed Section 4980H

taxes against it.  *See* Pls.' Supplemental Mem., ¶ 15; *see also* ECF Nos. 43-2, 43-3.  And

Plaintiffs now seek to enjoin the IRS from collecting those taxes from Huntwood (and potentially

other current or future CEA members that similarly decided to drop employee health coverage,

although Plaintiffs do not identify any other such members).  Plaintiffs' supplemental motion

should be denied at the threshold because the Court lacks jurisdiction to issue the injunctive and

declaratory relief Plaintiffs now seek.  As explained below, the Anti-Injunction Act (AIA) bars

pre-enforcement suits that seek to restrain the Government from assessing or collecting any tax,

including the Section 4980H tax.

Huntwood, however, is not without a remedy.  The AIA merely requires Huntwood to

pursue the administrative review procedures established by Congress for challenging taxes

before coming to court.  Those procedures will allow the IRS to consider Huntwood's challenge

in the first instance, including its claim that imposition of the tax against Huntwood violates

RFRA.  And, if Huntwood is not satisfied with the outcome of these administrative procedures, it

can then seek judicial review.  At this point, Plaintiffs' request to enjoin the Section 4980H tax is

premature and thus Plaintiffs' supplemental motion should be denied.

## ARGUMENT

## I.    THE COURT LACKS JURISDICTION TO ENJOIN COLLECTION OF THE SECTION 4980H TAX

Plaintiffs' attempt to restrain the IRS from collecting the payment required by 26 U.S.C.

§ 4980H should be rejected because the Court lacks jurisdiction to provide such relief.

The AIA provides that, with statutory exceptions inapplicable here, "no suit for the

purpose of restraining the assessment or collection of any tax shall be maintained in any court by

any person, whether or not such person is the person against whom such tax was assessed."  26

U.S.C. § 7421(a).  "This statute protects the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes."  *Nat'l Fed'n of Indep. Bus. v. Sebelius* (*NFIB*), 567 U.S. 519, 543 (2012).  "Because of the Anti-Injunction Act, taxes can ordinarily be challenged only after they are paid, by suing for a refund."  *Id.*; *see Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974).  Where the AIA applies, it divests the court of subject-matter jurisdiction.  *Bob Jones Univ.*, 416 U.S. at 749; *accord, e.g.*, *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5 (1962).

In *NFIB*, the Supreme Court held that the AIA did not bar a pre-enforcement challenge to Section 5000A of the Code, which imposes a "penalty" on individuals who fail to maintain health coverage.[2]  26 U.S.C. § 5000A(b).  The Court relied on the "text of the pertinent statutes" and the label that Congress applied to the payment required by Section 5000A.  *NFIB*, 567 U.S. at 543.  The Court emphasized that the AIA "applies to suits 'for the purpose of restraining the assessment or collection of any *tax*,'" but that Congress had described the Section 5000A payment "not as a 'tax,' but as a 'penalty.'"  *Id.* (quoting 26 U.S.C. §§ 5000A(b) and (g)(2), 7421(a)).  The Court explained that "Congress's decision to label [the Section 5000A] exaction a 'penalty' rather than a 'tax' is significant because the Affordable Care Act describes many other exactions it creates as 'taxes.'"  *Id.* at 544; *see id.* ("Where Congress uses certain language in one part of a statute and different language in another, it is generally presumed that Congress acts intentionally.").

Plaintiffs' supplemental motion seeks to restrain the assessment and collection of the payment required by Section 4980H.  This claim is barred by the AIA because, in contrast to the

---

[2] Under the Tax Cuts and Jobs Act, which was enacted on December 22, 2017, the individual shared responsibility payment under Section 5000A is reduced to $0, effective for months beginning after December 31, 2018.  Pub. L. 115-97, 131 Stat. 2054 (2017).

payment required by Section 5000A, the exaction imposed by Section 4980H is "*labeled* as a tax." *Hotze v. Burwell*, 784 F.3d 984, 997 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1165 (2016). Section 4980H(c)(7), entitled "*Tax nondeductible*," addresses the "denial of deduction *for the tax imposed by this section*" (emphasis added).[3]  Section 4980H(b)(2) refers to "[t]he aggregate amount of *tax*" that an employer must pay under Section 4980H (emphasis added).  And another provision of the Affordable Care Act likewise describes the assessment imposed by Section 4980H as a "tax."  42 U.S.C. § 18081(f)(2)(A) (referring to the "tax imposed by [S]ection 4980H").  This "textual evidence is 'the best evidence' of whether an exaction constitutes a 'tax' for the purposes of the AIA" and compels the conclusion that the AIA applies to Section 4980H. *Hotze*, 784 F.3d at 997.  Indeed, at least three courts that have addressed this issue have concluded that the AIA bars attempts, like Plaintiffs, to enjoin assessment or collection of the payment required by Section 4980H.  *See id*. at 996-1000; *Northern Arapaho Tribe v. Burwell*, 118 F. Supp. 3d 1264, 1273-76 (D. Wyo. 2015), *appeal dismissed*, No. 15-8099 (10th Cir. Mar. 4, 2019); *Halbig v. Sebelius*, 27 F. Supp. 3d 1, 13-16 (D.D.C. 2014), *appeal dismissed*, No. 14-5018, 2015 WL 5209629 (D.C. Cir. 2015).

Those courts correctly declined to follow *Liberty University, Inc. v. Lew*, 733 F.3d 72, 87-89 (4th Cir. 2013), which ruled that the use of the word "tax" in Section 4980H is insufficient to implicate the AIA.  *Liberty University* identified no sound reason to disregard Congress's deliberate decision to label the Section 4980H payment a "tax."

---

[3] Section 4980H(c)(7) cross-references a provision specifying that no deduction is allowed for "*[t]axes* imposed by chapters 41, 42, 43, 44, 45, 46, and 54."  26 U.S.C. § 275(a)(6) (emphasis added).  That list of nondeductible "taxes" includes the tax imposed by Section 4980H, which is located in Chapter 43 of Title 26.

*Liberty University* relied primarily on the fact that several provisions in Section 4980H refer to the required payment as an "assessable payment." 733 F.3d at 88. But as other courts have explained, *Liberty University* erred "in interpreting the statutory references to the [Section 4980H] exaction as an 'assessable payment' in a way that nullified the references to it as a 'tax.'" *Hotze*, 784 F.3d at 998. Those two labels are not mutually exclusive, and "the natural conclusion to draw from Congress's interchangeable use of the terms 'assessable payment' and 'tax' in Section 4980H is simply that Congress saw no distinction between the two terms." *Halbig*, 27 F. Supp. 3d at 14; *see Hotze*, 784 F.3d at 998. The contrary conclusion adopted by the Fourth Circuit in *Liberty University* disregards Congress's deliberate choices to label the exaction imposed by Section 4980H a "tax" and to make the AIA broadly applicable to "*any* tax." 26 U.S.C. § 7421(a) (emphasis added).

The Fourth Circuit also suggested that it would be "anomalous" to permit individuals to bring pre-enforcement challenges to Section 5000A while denying employers the ability to bring such challenges to Section 4980H. *Liberty University*, 733 F.3d at 88-89. But there is no anomaly because the two provisions serve different purposes, apply to different categories of taxpayers, and are administered through different procedures. For example, the tax in Section 4980H is enforceable by levies and by the filing of notices of lien, whereas the shared responsibility payment in Section 5000A is not. *Hotze*, 784 F.3d at 998; *see* 26 U.S.C. § 5000A(g)(2)(B). "Summary-enforcement tools such as these . . . are 'the very tools the Anti-Injunction Act was enacted to protect.'" *Hotze*, 784 F.3d at 998 (quoting *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 540 (6th Cir. 2011), *cert. denied*, 133 S. Ct. 61 (2012)); *see United States v. American Friends Serv. Comm.*, 419 U.S. 7, 12 (1974) (per curiam) (identifying one of the objectives of the AIA as "efficient and expeditious collection of taxes with a minimum of

pre-enforcement judicial interference") (citation and internal quotation marks omitted).

Furthermore, Section 4980H provides that the Secretary of the Treasury "shall prescribe rules . . .

for the repayment of" a payment made under Section 4980H under specified circumstances.  26

U.S.C. § 4980H(d)(3) (emphasis added).  That provision, which has no analogue in Section

5000A, necessarily contemplates that employers will challenge exactions imposed under Section

4980H in post-collection suits rather than through pre-enforcement actions.  *See Hotze*, 784 F.3d

at 998-99; *Halbig*, 27 F. Supp. 3d at 15-16; *Northern Arapahoe Tribe*, 118 F. Supp. 3d at 1275.

It is thus unsurprising that Congress made Section 4980H subject to the AIA while exempting

Section 5000A.

        The Declaratory Judgment Act (DJA), on which Plaintiffs also appear to rely, is similarly

of no help to them.  The DJA excepts from its coverage suits for declaratory relief "with respect

to Federal taxes."  28 U.S.C. § 2201(a).  And the DJA's tax exception "is at least as broad as the

Anti-Injunction Act."  *Bob Jones Univ.*, 416 U.S. at 732 n.7.  Accordingly, this Court lacks

jurisdiction to enjoin assessment or collection of the Section 4980H tax, as requested in

Plaintiffs' supplemental motion.

**II.      PLAINTIFFS MUST INSTEAD PURSUE ADMINISTRATIVE REMEDIES**

        The AIA's bar does not mean that Huntwood is without recourse to challenge imposition

of the Section 4980H tax.  It merely means that Huntwood, like other taxpayers, must first

pursue available administrative remedies.  Indeed, that is the purpose of the AIA: to protect the

Treasury from suits seeking to interject the courts prematurely into federal tax disputes and

instead to confine tax litigation to the precise channels prescribed by Congress.  *See Bob Jones*

*Univ.*, 416 U.S. at 746-47.

Huntwood has at least two available channels to challenge the Section 4980H taxes assessed against it.  First, upon the IRS's filing of a notice of federal tax lien or issuance of a final notice of intent to levy, Huntwood may request a Collection Due Process (CDP) hearing under 26 U.S.C. §§ 6320, 6330.  Such a request stays collection of the tax at issue until the conclusion of the CDP hearing and all appeals therein.  26 U.S.C. §§ 6320(c), 6330(e).  At the CDP hearing, Huntwood may raise "any relevant issue" relating to the unpaid tax, and challenge the existence or amount of the underlying tax liability if it did not have an opportunity to dispute the liability.  *Id*. § 6330(c)(2).  And Huntwood may appeal an adverse IRS determination to the Tax Court.  *Id*. § 6330(d)(1).

Second, as an alternative to pursuing any opportunity it may receive to seek a CDP hearing, Huntwood may pay the tax in full and file a claim for a refund with the IRS.  Through this mechanism too, the IRS would have the opportunity to resolve Huntwood's claims administratively, including any RFRA challenge to the Section 4980H tax as applied to Huntwood.  And again, if the IRS were to deny the refund claim or fail to act on it for six months, Huntwood could bring suit.  *See* 26 U.S.C. §§ 6511, 6532(a), 7422.

Because the AIA requires Huntwood to exhaust administrative remedies before seeking to challenge the Section 4980H tax in court, and Huntwood has not done so, this Court lacks jurisdiction to grant Plaintiffs' supplemental motion.

### III.   PLAINTIFFS' RELIANCE ON INJUNCTIONS IN OTHER CASES DOES NOT VEST THIS COURT WITH JURISDICTION

Plaintiffs' supplemental motion does not address the AIA.  Instead, Plaintiffs assert that this Court should enjoin assessment and collection of the Section 4980H tax against Huntwood (and possibly other, unknown CEA members) because courts in other contraceptive mandate

cases purportedly have done so.  *See* Pls.' Supplemental Mem., ¶ 22.  This argument is not persuasive.

As an initial matter, this Court has "a special obligation to satisfy itself . . . of its own jurisdiction," regardless of what other courts may have done.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (quotation omitted).  And, as explained above, the AIA clearly bars the Court from entering the injunctive and declaratory relief as to Section 4980H that Plaintiffs seek in this case.

In any event, unlike here, those other injunctions did not (and do not) act to restrain the assessment or collection of Section 4980H taxes.  As far as the Government is (or was) aware, unlike Huntwood, none of the plaintiffs in those cases eliminated employee health coverage entirely in response to the contraceptive mandate.  Rather, they excluded contraceptive coverage from the health plans they otherwise provided to their employees.  Doing so protected those plaintiffs from the Section 4980H tax (assuming they met the other requirements for avoiding a Section 4980H tax, which are all unrelated to contraceptive coverage), because an employer-sponsored plan offered to full-time employees need not include contraceptive coverage to be considered minimum essential coverage.  *See* 26 U.S.C. § 5000A(f)(2).[4]  Therefore, as a practical matter, none of the injunctions on which Plaintiffs rely had the effect of restraining the assessment or collection of Section 4980H taxes.

Furthermore, even the language of those other injunctions does not have the import Plaintiffs claim.  In light of the Government's objections to the proposed injunctions in those

---

[4] To avoid a payment under 26 U.S.C. § 4980H(b), an employer must generally offer coverage that is affordable and that provides minimum value, but an employer's failure to offer contraceptive coverage is not relevant to whether the coverage offered is affordable or provides minimum value.

cases, most courts included language stating that "Defendants remain free to enforce 26 U.S.C. § 4980H for any purpose other than to require plaintiffs . . . to provide or facilitate the provision of [contraceptive coverage] to which plaintiffs have sincerely-held religious objections, or to punish them for failing to do so." Pls.' Supplemental Mem., ¶ 22. But, as explained above, Section 4980H does not require that an employer-sponsored plan include coverage for contraceptive services to avoid the tax. And the plaintiffs in those cases did not allege that Section 4980H was being enforced for the "purpose" of requiring an employer "to provide or facilitate the provision of [contraceptive coverage]" or "to punish them for failing to do so." Thus, it is the Government's position that the injunctions in those cases do not in fact prohibit it from assessing or collecting Section 4980H taxes against employers that do not offer health coverage to their full-time employees as required by that provision. Plaintiffs here, on the other hand, seek that exact relief.

Notwithstanding Plaintiffs' arguments to the contrary, the AIA prohibits this Court from entering the injunctive and declaratory relief sought in Plaintiffs' supplemental motion.

## IV.   THE GOVERNMENT CONTINUES TO TAKE NO POSITION ON PLAINTIFFS' ORIGINAL MOTION FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF

For the reasons explained above, the Court should deny Plaintiffs' supplemental motion and refuse to enjoin the Government from enforcing Section 4980H's tax against Huntwood or any other CEA member.

The Government, however, continues to take no position as to Plaintiffs' original motion for permanent injunction and declaratory relief. *See* ECF No. 33. That motion, and the proposed order that accompanied it (ECF No. 32-1), sought to enjoin enforcement of only the contraceptive mandate. And the AIA does not prohibit this Court from enjoining enforcement of

the contraceptive mandate in a pre-enforcement suit.  That is because the contraceptive mandate triggers freestanding, non-tax legal obligations: HHS could enforce the regulations as to certain insurers and group health plans.  42 U.S.C. § 300gg-22.  The Secretary of Labor is also authorized to enforce the requirement.  29 U.S.C. § 1132(a)(5).  An employer that violates the regulations would also be subject to a tax assessment.  *See* 26 U.S.C. § 4980D.  But the AIA does not bar a suit against the Section 4980D tax because that tax "is just one of many collateral consequences that can result from a failure to comply with the contraceptive-coverage requirement."  *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1127 (10th Cir. 2013). With respect to the payment required by Section 4980H, in contrast, there are no "collateral consequences" an employer could face, apart from a tax for failing to offer coverage to full-time employees.

The Government raised other specific objections to the injunction and declaratory relief proposed in Plaintiffs' original motion, including that any relief should not extend to future CEA members.  *See* ECF No. 33, at 2-3.  The Government maintains those discrete objections.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' supplemental motion for permanent injunction and declaratory relief.

Respectfully submitted this 5th day of April, 2019,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

 /s/ Michelle R. Bennett
MICHELLE R. BENNETT (CO Bar No. 37050)
Assistant Director
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C.  20005
Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2019, I electronically filed a copy of the foregoing.

Notice of this filing will be sent via email to all parties by operation of the Court's electronic

filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Michelle R. Bennett
MICHELLE R. BENNETT