**IN THE UNITED STATES DISTRICT COURT
FOR THE FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| CHRISTIAN EMPLOYERS ALLIANCE et al.    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Civil Case No. 3:16-cv-309 |
| ) | |
| ALEX M. AZAR et al.    ) | |
| ) | |
| Defendants.    ) | |

**REPLY IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MOTION FOR
PERMANENT INJUNCTION AND DECLARATORY RELIEF**

The Anti-Injunction Act ("AIA") "does not reach all disputes tangentially related to taxes." *Korte v. Sebelius*, 735 F.3d 654, 670 (7th Cir. 2013) (quotation omitted). It applies only when the primary purpose of a lawsuit is to restrain the collection or assessment of a "tax." *Id.* But no tax is at issue here. This lawsuit challenges an independent regulatory mandate – the abortifacient mandate – promulgated under 42 U.S.C. § 300gg-13(a)(4) and enforced through two penalty provisions in the Internal Revenue Code, 26 U.S.C. §§ 4980D and 4980H. Contrary to the government's arguments, the employer shared responsibility payment in Section 4980H is not a "tax" under the AIA. Congress labeled this exaction an "assessable payment"; even the IRS doesn't call it a "tax"; and its purpose is clearly to punish, not raise revenue. Based on *NFIB v. Sebelius*, 567 U.S. 519 (2012), the Fourth and Seventh Circuits have concluded that the AIA does not apply to suits challenging Section 4980H assessments. *See Korte*, 735 F.3d at 671; *Liberty University, Inc. v. Lew*, 733 F.3d 72, 89 (4th Cir. 2013). This Court should follow these well-reasoned decisions. The contrary authority cited by the government is unpersuasive and inconsistent with *NFIB*.

1

In *NFIB*, the Supreme Court held that the AIA did not apply to a pre-enforcement challenge to the "individual mandate" under 26 U.S.C. § 5000A. 567 U.S. at 546. The Court noted that, while the AIA "applies to suits 'for the purpose of restraining the assessment or collection of any *tax*,'" *id.* at 543 (quoting 26 U.S.C. § 7421(a)), Congress in Section 5000A "**chose to describe the '[s]hared responsibility payment' imposed on those who forgo health insurance not as a 'tax,' but as a 'penalty,'**" *id.* (quoting 26 U.S.C. § 5000A(b), (g)(2)) (emphasis added). Because Congress's choice of language was dispositive, the AIA did not apply. *See id.* at 546.

The "employer mandate" in Section 4980H is worded like the individual mandate in Section 5000A. The title of Section 4980H is "Shared responsibility payment for employers regarding health coverage," and the statute repeatedly uses the term "assessable payment" for the exaction imposed:

- "If . . . any applicable large employer fails to offer to its full-time employees (and their dependents) the opportunity to enroll in minimum essential coverage under an eligible employer-sponsored plan . . . , then there is hereby imposed on the employer an ***assessable payment*** . . . ." 26 U.S.C. § 4980H(a) (emphasis added); *see also id.* § 4980H(b) (again calling it an "***assessable payment***" (emphasis added)).

- Subsection (c)(2)(D) is entitled "Application of employer size to ***assessable penalties***" and provides in relevant part, "The number of individuals employed by an applicable large employer as full-time employees during any month shall be reduced by 30 solely for purposes of calculating . . . the ***assessable payment under subsection (a)***." *Id.* § 4980H(c)(2)(D) (emphases added).

- Under subsection (d) entitled "Administration and procedure," the statute provides, "Any ***assessable payment*** provided by this section shall be paid upon notice and demand by the

4839-6219-1763, v. 1

Secretary, and shall be assessed and collected in the same manner as an ***assessable penalty*** under subchapter B of chapter 68." *Id.* § 4980H(d)(1) (emphasis added); *see NFIB*, 567 U.S. at 545-46 (finding that a similarly worded provision in § 5000A supported the conclusion that the individual mandate was a penalty, not a tax).

Like Congress, the IRS itself avoids calling the Section 4980H exaction a tax. Generally speaking, when the IRS notifies a taxpayer of unpaid taxes, it uses a form called a CP503 Notice.[1] The notice includes a statement such as, "You have unpaid ***taxes*** for 2016," and goes on to say, "As we notified you before, our records show you have unpaid ***taxes*** . . . ."[2] But when the IRS began assessing the Section 4980H penalty against large employers, it created a different form called a CP503J Notice. This notice, which Huntwood has been receiving, studiously avoids the term "tax." Rather, it says, "You have unpaid ***employer shared responsibility payment (ESRP)*** for 2015 [or 2016]," and goes on to say, "Our records show we previously notified you about your unpaid ***ESRP*** . . . ." (*See* Mem. in Supp. of Pls.' Supp. Mot., Exs. B and C, ECF Nos. 43-2 and 43-3). The IRS's deliberate word choice in the CP503J Notice accords with Congress's deliberate word choice in Section 4980H.

The Fourth and Seventh Circuits have considered this issue, and both courts reject the arguments the government makes here. In *Liberty University*, the Fourth Circuit drew heavily on both *NFIB* and the specific language of Section 4980H to conclude that "the employer mandate exaction, like the individual mandate exaction, does not constitute a tax for purposes of the AIA." 733 F.3d at 89. The court was unpersuaded by the argument – advanced by the government here,

---

[1] *See* IRS, Understanding Your CP503 Notice, https://www.irs.gov/individuals/understanding-your-cp503-notice.
[2] IRS, Sample CP503 Notice, https://www.irs.gov/pub/notices/cp503_english.pdf (emphases added).

4839-6219-1763, v. 1

*see* Mem. in Opp. at 5 – that two isolated uses of the term "tax" in Section 4980H should be controlling. First, Section 4980H(c)(7) refers to the exaction as a tax "to make clear that, for purposes of determining deductibility, the exaction is a tax imposed by chapter 43" and is thus non-deductible. *Id.* at 88. In this context, using any other word "would create confusion." *Id.* Second, although Section 4980(b)(2) refers to "[t]he aggregate amount of tax determined under paragraph (1)," paragraph (1) in turn uses the term "assessable payment." The Fourth Circuit was unwilling to let a "single unexplained use" of the word "tax" override Congress's repeated use of a different label throughout Section 4980H. *See id.*

The Seventh Circuit reached a similar conclusion in *Korte v. Sebelius*. That case, like this one, involved a challenge to the contraceptive mandate. The Seventh Circuit correctly recognized that Section 4980D and Section 4980H are two different penalty provisions reinforcing a single regulatory mandate, and neither provision imposes a "tax" for AIA purposes. *See id.* at 669. The "obvious aim" of Section 4980D "is not to raise revenue but to achieve broad compliance with the regulatory regime through deterrence and punishment." *Id.* at 670. "[T]he same is true of the alternative payment in § 4980H." *Id.* at 671. Both of these provisions impose "a penalty for noncompliance with the regulatory mandates on employer-based health-care plans" and do not constitute "a tax for purposes of the Anti-Injunction Act." *See id.* at 671; *see also Oklahoma ex rel. Pruitt v. Sebelius*, 2013 WL 4052610, at *10 (E.D. Okla. 2013) (adopting the Fourth Circuit's analysis in *Lew* and concluding that AIA does not bar challenge to Section 4980H).

The government's principal contrary authority, *Hotze v. Burwell*, 784 F.3d 984 (5th Cir. 2015), is not persuasive. There, the Fifth Circuit laid inordinate emphasis on the two uses of the word "tax" in Section 4980H and gave no weight to Congress's predominant use of the label "assessable payment." *See id.* at 997. And the court simply mischaracterized the statute. It began

4

its analysis thus: "The employer mandate requires 'applicable large employer[s]' who fail to provide 'affordable' health-insurance coverage to their employees to pay a 'tax.' [26 U.S.C.] § 4980H(a), (c)(7)." *Id.* at 988. But the statutory provisions cited by the court don't actually say that. Rather, Section 4980H(a) requires payment of an "assessable payment," not a tax. And subsection (c)(7) doesn't require payment of anything; it simply makes clear that assessable payments are not deductible *for tax purposes*. The Fifth Circuit erred by failing to heed *NFIB*'s instruction that courts must attend to the specific statutory language that Congress used. *See* 567 U.S. at 543-44.

Moreover, to adopt the government's position would create an anomaly for RFRA challenges to the mandate. As the Supreme Court recognized in *Burwell v. Hobby Lobby Stores, Inc.*, both Section 4980D and Section 4980H are component parts of single regulatory scheme that penalizes employers who refuse to comply with the mandate. *See* 573 U.S. 682, 720 (2014) (noting the "severe" consequences of both provisions and referring to the Section 4980H exaction as a "penalt[y]"). The government has not argued – in this or other mandate cases – that the AIA applies to Section 4980D, even though Section 4980D is plainly labeled a "tax" and exacts an even higher penalty. But if the AIA nevertheless applies to Section 4980H, then similarly situated employers with sincere religious objections to the mandate will be treated differently depending on which of these two penalties – Section 4980D or Section 4980H – they risked being subject to. There is no reason for such disparate treatment, and the government offers none.

The government's position also encourages irrational piecemeal litigation. As *Hobby Lobby* held and as the government now concedes, RFRA prohibits either penalty from being imposed on employers who refuse to sponsor health plans inconsistent with their religious beliefs. What purpose is served, then, by permitting other Alliance members to obtain RFRA relief now but forcing Huntwood to wait? Remarkably, the government even suggests that Huntwood should

4839-6219-1763, v. 1

pay the Section 4980H penalty first and sue for recovery later. But with Huntwood facing assessments of nearly $3 million, these "substantial economic consequences," *Hobby Lobby*, 573 U.S. at 720, would impose the very burden that the government concedes is unlawful.

Finally, the government suggests that Huntwood will be able to raise its RFRA claim in IRS administrative proceedings. It will not. IRS regulations specifically prohibit taxpayers from doing just that. *See* 26 C.F.R. § 601.106(b) ("[T]he appeal procedures do not extend to cases involving solely the failure or refusal to comply with the tax laws because of ***moral, religious***, political, constitutional, ***conscientious, or similar grounds***." (emphases added)); *Turner v. United States*, 372 F. Supp. 2d 1053, 1058 (S.D. Ohio 2005) (noting that taxpayer's right to "raise any relevant issue" in a CDP hearing under § 6330(c)(2)(A) "do[es] not extend to cases involving solely the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds"). And if Huntwood cannot raise RFRA in the administrative process, it cannot raise it before the Tax Court either. *See* 26 C.F.R. § 301.6330-1(f)(2) ("In seeking Tax Court review of a Notice of Determination, the taxpayer can only ask the court to consider an issue, including a challenge to the underlying tax liability, that was properly raised in the taxpayer's CDP hearing."). Thus, for Huntwood, the administrative process affords no "remedy" at all. With its only defense (RFRA) prohibited, the process would be nothing more than empty ritual, and Huntwood would end up right back where it started: here in court raising these same RFRA arguments. Nothing in the AIA requires this, especially when Sections 4980D and 4980H are not designed to raise tax revenue (nor has the government suggested otherwise).

The government's arguments, and its continued attempt to force religious objectors to litigate against the mandate piecemeal, only underline the need for relief for the Alliance's present and future members, all of whom must meet the Alliance's strict membership criteria. Other courts

have granted similar relief, and the Alliance has explained why relief for future members is necessary and proper here. (*See* Br. in Supp. of Mot. for Perm. Injunction at 22-24, ECF No. 31.)

As a member of the Alliance, Huntwood's RFRA challenge is properly before this Court now. Huntwood is in urgent need of relief, and the government does not object to that relief on the merits. The AIA does not apply to any aspect of this lawsuit. Accordingly, the Alliance and its members, including Huntwood, respectfully reiterate their requests for permanent injunctive and declaratory relief from the abortifacient mandate and its associated penalties.

Respectfully submitted his 15th day of April 2019.

*s/ Ian Speir*
L. Martin Nussbaum (Colo. Bar #15370)
Ian Speir (Colo. Bar #45777)
NUSSBAUM SPEIR PLLC
90 S. Cascade Ave., Suite 400
Colorado Springs, CO 80903
O:719.357.4447
martin@nussbaumspeir.com
ian@nussbaumspeir.com

*Attorneys for Plaintiffs*, *admitted* pro hac vice


### CERTIFICATE OF SERVICE

On April 15, 2019, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to the following:

Michelle R. Bennett
U.S. Department of Justice, Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
E-mail: michelle.bennett@usdoj.gov

*s/Ian Speir*
Ian Speir

7